SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x

GLOPAK USA CORP.,

                              Plaintiff,

-against-

TRANSLINK SHIPPING, INC.,

                              Defendant.
-------------------------------------------------------------------x

Index No.:
Date of Filing:

Plaintiff designates Nassau County as place of trial.

**SUMMONS**

The basis of venue is:
Plaintiff principal place of business

Plaintiff's business address:
35 Engel Street
Hicksville, NY 11801

*YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Great Neck, NY
          January 13, 2020

                                                              WEISBERG & WEISBERG
                                                              Attorneys for Plaintiff,
                                                               *Glopak USA Corp.*
                                                               98 Cutter Mill Road, Suite 332
                                                               Great Neck, NY 11021
                                                               (516) 466-2750

Defendant's Address:

TRANSLINK SHIPPING, INC.
149-35 177th Street
Jamaica, NY  11434

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
GLOPAK USA CORP.,                                    Index No.:
                                                     Date of Filing:

                        Plaintiff,

    -against-                                        **VERIFIED COMPLAINT**

TRANSLINK SHIPPING, INC.,

                        Defendant.
----------------------------------------------------------------X

Plaintiff, complaining of the Defendant by their attorneys, WEISBERG & WEISBERG, respectfully shows to this Court and alleges:

1. At all times hereinafter mentioned, Plaintiff GLOPAK USA CORP., is a duly formed New York State corporation with its principal place of business located at 35 Engel Street, Hicksville, NY 11801.

2. At all times hereinafter mentioned, upon information and belief, the Defendant TRANSLINK SHIPPING, INC. was and is a duly formed New York State corporation with its principal place of business located at 149-35 177th Street, Jamaica, NY 11434.

3. At all times hereinafter mentioned, upon information and belief, the Defendant TRANSLINK SHIPPING, INC. is a foreign corporation duly formed and existing in a State other than the State of New York with a business in the State of New York located at 149-35 177th Street, Jamaica, NY 11434.

3

4. On the 10 day of October, 2019, the Plaintiff received an order from one of its customers for specially ordered sprayers and bottles. The Plaintiff then had those goods specifically manufactured and/or ordered from a factory Shanghai, China purchase those goods from that factory. The Plaintiff then reached out to and arranged to have the goods enter into an agreement with TRANSLINK for the transportation of those goods. The Defendant agreed to transport those goods for an agreed upon fee. A copy of the order and freight invoice are annexed hereto as *Exhibit A* and *B* respectively and incorporated herein by reference.

5. The Plaintiff was advised on the 31st day of December, 2019, that the shipment was arriving in port and was informed by the Defendant TRANSLINK that they would not release the shipment unless they immediately pay the Defendant approximately $165,000.00. The Plaintiff advised the Defendant that they could not pay $165,000.00 to the Defendant for release of the shipment but instead offered to pay for all fees incurred since the Plaintiff accepted the shipment. A copy of the letter from TRANSLINK and GLOPAK's attorney offering to pay is annexed hereto as *Exhibits C* and *D* respectively and incorporated herein by reference.

6. The Defendant refused to release the goods even though the Plaintiff offered to pay the Defendant in full for the shipment and all other shipments ordered by the Plaintiff from the Defendant since the shipment was ordered. The Defendant refused to release the shipment by letter dated January 8th, 2019.

7. By letter dated January 9th, 2020, by Barbara Johnson, General Manager of TRANSLINK SHIPPING, INC. the Defendant refused to release the goods even though

due and duly demanded A copy of which is annexed hereto as *Exhibit D* and incorporated herein by reference.

8. The goods in question are not readily available on the market and have specifically been identified for the particular customers of the Plaintiff. The Plaintiff will suffer irreparable harm of its reputation if it fails to deliver these items to its customers.

## AS AND FOR A FIRST CAUSE OF ACTION

9. The Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered 1 through 8 as if more fully set forth herein.

10. Upon information and belief, the goods contained in the shipping containers was specifically manufactured for the Plaintiff's customers and is not readily available from other sources.

11. The Defendant is common carrier. The Defendant does not have a valid lien under UCC § 7-307 in that it seeks money for debt that allegedly occurred prior to picking up of the shipment and therefore is not a valid and existing lien. The Defendant has refused to release the shipment even though the Plaintiff has tendered payment in certified funds for the shipment.

12. The Plaintiff does not have an adequate remedy at law and therefore demands specific performance of the agreement and respectfully requests that the Defendant be Ordered to secure the immediate release of the Plaintiff's goods without any additional storage charges in accordance with the contract.

13. The Defendant has failed to deliver the goods even though due and duly demanded.

14. Wherefore, the Plaintiff hereby requests injunctive relief, since there is no adequate remedy at law for an Order requiring the Defendant to accept payment for this shipment minus any storage charges incurred and to immediately release the goods to the Plaintiff and such other and further relief as this Court may seem just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Conversion)*

15. The Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered 1 through 14 as if more fully set forth herein.

16. Upon information and belief, the Defendant accepted the order for the express purpose of holding it hostage in an attempt to extort money from the Plaintiff. That the Defendant accepted this order in bad faith and upon information and belief, for the sole purpose of extorting money.

17. That the conduct by the Defendant was intentional in nature and a clear breach of its obligation as a common carrier.

18. The Plaintiff hereby demands that this Court award the Plaintiff three hundred and twenty thousand dollars ($320,000) which is the fair market value of the goods converted and punitive damages against the Defendant for an amount sufficient to deter other common carriers from acting in a similar manner towards their customers.

19. The Plaintiff further demands and award for interest, costs and reasonable attorneys fees caused by the Defendants breach of their duty as a common carrier.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court together with interest, cost and fees and such other and further relief as to this Court may seem just and proper.

Dated: Great Neck, NY
January 13, 2020

Yours, etc.,

DANIEL J. WEISBERG, ESQ.
WEISBERG & WEISBERG
Attorneys for Plaintiff,
*Glopak USA Corp.*
98 Cutter Mill Road, Suite 332
Great Neck, NY 11021
(516) 466-2750

## CORPORATE VERIFICATION

STATE OF NEW YORK )
COUNTY OF Nassau ) ss.:

SHU WANG, being duly sworn, deposes and says: deponent is the President of GLOPAK USA CORP. a domestic corporation, and the Plaintiff in the within action; deponent has read the foregoing SUMMONS AND VERFIED COMPLAINT and knows the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true. This verification is made by deponent because GLOPAK USA CORP. is a corporation and deponent is the President thereof.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

personal knowledge and the books and records on file in the offices of the corporation.

_____
SHU WANG

Sworn to before me this
14th day of January, 2020

_____
Notary Public

ALKA KATYAL
Notary Public - State of New York
NO. 01KA6058520
Qualified in Suffolk County
My Commission Expires May 14, 2023

8